1 LAWYERS FOR CLEAN WATER, INC.
2 Drevet Hunt (Bar. No. 240487)
        Email: drev@lawyersforcleanwater.com
3 Caroline Koch (Bar No. 266068)
        Email: caroline@lawyersforcleanwater.com
4
1004-A O'Reilly Avenue
5 San Francisco, California 94129
6 Telephone: (415) 440-6520
Facsimile: (415) 440-4155
7
*Attorneys for Plaintiffs*
8 *Additional Plaintiffs' Counsel Listed On Next Page*

E-FILED

MAY 2 1 2018

Document # _____

JS-6

9
10

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

11

PSG (RAOx)

12 LOS ANGELES WATERKEEPER, a
California non-profit corporation; INLAND
13 EMPIRE WATERKEEPER, a project of
Orange County Coastkeeper, and ORANGE
14 COUNTY COASTKEEPER, a California
non-profit corporation;
15

Civil Case No. 5:17-cv-01137-~~SP~~

**[Proposed] CONSENT DECREE**

16              Plaintiffs,
17        v.
18
CEMEX CONSTRUCTION MATERIALS
19 PACIFIC LLC, a Delaware corporation;
20
21
22
23
24
25
26
27
28

LOS ANGELES WATERKEEPER
Arthur Pugsley (Bar No. 252200)
    Email: arthur@lawaterkeeper.org
Melissa Kelly (Bar No. 300817)
    Email: melissa@lawaterkeeper.org
120 Broadway, Suite 105
Santa Monica, California 90401
Telephone: (310) 394-6162
Facsimile: (310) 394-6178

ORANGE COUNTY COASTKEEPER
Colin Kelly (Bar No. 266956)
    Email: colin@coastkeeper.org
Sarah Spinuzzi (Bar No. 305658)
    Email: sarah@coastkeeper.org
3151 Airway Avenue, Suite F-110
Costa Mesa, California 92626
Telephone: (714) 850-1965

## <u>CONSENT DECREE</u>

The following Consent Decree is entered into by and between Plaintiffs Los Angeles Waterkeeper, Orange County Coastkeeper and Inland Empire Waterkeeper ("Plaintiffs"), and Defendant Cemex Construction Materials Pacific LLC ("Defendant"). The entities entering into this Consent Decree are each an individual "Settling Party" and collectively "Settling Parties.

**WHEREAS**, Los Angeles Waterkeeper is a non-profit public benefit corporation organized under the laws of the State of California;

**WHEREAS**, Orange County Coastkeeper is a non-profit public benefit corporation organized under the laws of the State of California;

**WHEREAS**, Inland Empire Waterkeeper is a project of Orange County Coastkeeper;

**WHEREAS**, together, Plaintiffs are dedicated to the preservation, protection, and defense of the environment, wildlife, and natural resources of local surface waters;

**WHEREAS**, Defendant operates and controls the industrial activities at batch plants located at: (1) 2722 N. Alameda Street, Compton, California 90222 ("Compton Facility"), (2) 16161 Construction Circle East, Irvine, California 92614 ("Irvine Facility") and (3) 13220 Santa Ana Avenue, Fontana, California 92337 ("Fontana Facility") (referred to herein collectively as "the Facilities");

**WHEREAS**, stormwater discharges associated with industrial activity at the Facilities are regulated pursuant to the National Pollutant Discharge Elimination System ("NPDES") General Permit No. CAS000001 [State Water Resources Control Board], Water Quality Order No. 2014-57-DWQ ("Stormwater Permit"), and the Federal Water Pollution Control Act, 33 U.S.C. §§ 1251 *et seq.* ("Clean Water Act" or "CWA"), Sections 301(a) and 402, 33 U.S.C. §§ 1311(a), 1342. Depending upon the particular facility, these industrial activities may include, *inter alia*, unloading trucks transporting

1  sand and gravel; vehicle maintenance, cleaning, and storage; vehicle fueling; transporting

2  raw materials across the site; raw and finished materials storage; weighing aggregate and

3  cement; mixing aggregate, water and cement to form concrete; and loading trucks with

4  concrete;

5       **WHEREAS**, Plaintiffs contend that Defendant's operations at the Facilities result

6  in discharges of pollutants into waters of the United States and contends that those

7  discharges are regulated by the Clean Water Act, Sections 301(a) and 402, 33 U.S.C.

8  §§ 1311(a), 1342;

9       **WHEREAS**, the Stormwater Permit includes the following requirements for all

10  permittees, including Defendant: (1) develop and implement a stormwater pollution

11  prevention plan ("SWPPP") and a stormwater monitoring and reporting program

12  ("M&RP"), (2) control pollutant discharges using, as applicable, best available

13  technology economically achievable ("BAT") or best conventional pollutant control

14  technology ("BCT") to prevent or reduce pollutants, (3) implement BAT and BCT

15  through the development and application of Best Management Practices ("BMPs"),

16  which must be included and updated in the SWPPP, and (4) when necessary, implement

17  additional BMPs to prevent or reduce any pollutants that are causing or contributing to

18  any exceedance of water quality standards ("WQS");

19       **WHEREAS**, on March 13, 2017, Plaintiffs issued notices of intent to file suit

20  ("60-Day Notices") under Section 505(b)(1)(a) of the of the Clean Water Act, 33 U.S.C.

21  § 1365(b)(1)(A), to Defendant, its registered agent, the Administrator of the U.S.

22  Environmental Protection Agency ("EPA"), the Executive Director of the State Water

23  Resources Control Board ("State Water Board"), the Executive Officer of the Santa Ana

24  Regional Water Quality Control Board, and/or the Executive Director of the Los Angeles

25  Regional Water Quality Control Board ("Regional Water Board"), and the Regional

26  Administrator of EPA Region IX, alleging violations of the Clean Water Act and the

27  Stormwater Permit, Water Quality Order No. 92-12-DWQ, as amended by Water Quality

28

Order 97-03-DWQ, and as amended by Water Quality Order 2014-0057-DWQ, at the Facilities;

**WHEREAS**, on June 9, 2017, Plaintiffs filed a complaint against Defendant in the United States District Court, Central District of California, Civil Case No. 5:17-cv-01137-SP;

**WHEREAS**, Plaintiffs allege Defendant is in violation of the substantive and procedural requirements of the Stormwater Permit and the Clean Water Act;

**WHEREAS**, Defendant denies all allegations and claims contained in the 60-Day Notices and the complaint and reserves all rights and defenses with respect to such allegations and claims;

**WHEREAS**, the Settling Parties have agreed that it is in their mutual interest and choose to resolve in full Plaintiffs' allegations in the 60-Day Notices and complaint through settlement and avoid the cost and uncertainties of further litigation; and

**WHEREAS**, all actions taken by Defendant pursuant to this Consent Decree shall be made in compliance with all applicable Federal and State laws and local rules and regulations;

**NOW THEREFORE IT IS HEREBY STIPULATED BETWEEN THE SETTLING PARTIES, AND ORDERED AND DECREED BY THE COURT, AS FOLLOWS:**

1.      The Court has jurisdiction over the subject matter of this action pursuant to Section 505(a)(1)(A) of the Clean Water Act, 33 U.S.C. § 1365(a)(1)(A).

2.      Venue is appropriate in the Central District Court pursuant to Section 505(c)(1) of the Clean Water Act, 33 U.S.C. § 1365(c)(1), because the Facilities at which the alleged violations took place are located within this District.

3.      The complaint alleges claims upon which, if proved, relief may be granted against Defendant pursuant to Section 505 of the Clean Water Act, 33 U.S.C. § 1365.

4.      Plaintiffs have standing to bring this action.

5.     The Court shall retain jurisdiction over this matter for purposes of enforcing the terms of this Consent Decree for the life of the Consent Decree, or as long thereafter as is necessary for the Court to resolve any motion to enforce this Consent Decree, but only regarding issues raised within the 3 year term of this Consent Decree.

## I.     OBJECTIVES

6.     It is the express purpose of the Settling Parties entering into this Consent Decree to further the objectives set forth in the Clean Water Act, 33 U.S.C. §§ 1251 *et seq.*, and to resolve those issues alleged by Plaintiffs in its 60-Day Notices and complaint.

7.     In light of these objectives and as set forth fully below, Defendant agrees to comply with the provisions of this Consent Decree, the Stormwater Permit, and all applicable provisions of the Clean Water Act at the Facilities.

## II.     COMMITMENTS OF THE SETTLING PARTIES

### A.     Agency Review, Effective Date, and Term of Consent Decree

8.     **Agency Review**: Plaintiffs shall submit this Consent Decree to the United States Department of Justice and the Environmental Protection Agency (collectively "Federal Agencies") within three (3) business days of the final signature of the Settling Parties for agency review consistent with 40 C.F.R. § 135.5. In the event that the Federal Agencies object to entry of this Consent Decree, the Settling Parties agree to meet and confer to attempt to resolve the issue(s) raised by the Federal Agencies within a reasonable amount of time. Following the Federal Agencies' review, Plaintiffs shall submit the Consent Decree to the Court for entry.

9.     **Effective Date**: The Effective Date of this Consent Decree shall mean be the day after the end of the forty-five (45) day agency review period required by 40 C.F.R. § 135.5.

10.     **Term of Consent Decree**: This Consent Decree shall terminate three (3) years from the Effective Date unless one of the Settling Parties has invoked Dispute Resolution in accordance with Section III of this Consent Decree, in which case the

1 Consent Decree will terminate within the earlier of fifteen (15) days of notice by the
2 Settling Party that invoked Dispute Resolution that the dispute has been fully resolved or
3 an order of the federal court resolving the dispute and terminating the Consent Decree.

4 **B.** **Discharges from the Facility to the Separate Storm Sewer**

5     **i.** **Best Management Practices for Stormwater Discharges**

6     11. **Additional Best Management Practices**: Defendant shall develop and
7 implement the BMPs identified herein. Specifically, Defendant shall develop and
8 implement BMPs to prevent and/or reduce contamination in stormwater discharges from
9 the Facilities consistent with use of BAT and BCT and/or in compliance with WQS.

10     12. **Non-Structural BMPs**: Within sixty (60) days of the Effective Date,
11 Defendant shall develop and implement the following non-structural BMPs at the
12 Facilities:

13     13. **Sweeping**. Institute a daily sweeping program using a PM-10 compliant
14 and/or wet/dry vacuum sweeper and covering all exterior areas of the site exposed to
15 rainfall or runoff and accessible to the sweeper. To document compliance with this
16 paragraph, Defendant will institute an established sweeping program which details the
17 areas to be swept and the frequency those areas will be swept, and will include these
18 details in each Facilities SWPPP, respectively;

19     14. **Vehicle Maintenance**.

20         a. Compton Facility and Fontana Facility: With the exception of minor
21            vehicle maintenance during days without any precipitation, continue to
22            maintain vehicles and equipment under cover and in a location where no
23            water or other fluids can flow to an area contacted by rainfall or runoff.
24            This allows work inside the shops at any time;

25         b. Irvine Facility: Do not conduct major engine or transmission repairs on-
26            site. Conduct all allowable vehicle and equipment maintenance in an area
27            where a drain cover has been installed (if applicable) during maintenance

28

and all materials and wastes associated with maintenance activities have
been completely cleaned up prior to removing drain cover;

15. **Secondary Containment**. Defendant shall store all petroleum-based materials and petroleum wastes and all bulk tank concrete additives and liquid coloring agents that could come into contact with rainfall or runoff within secondary containment having a volume at least 110 percent (110%) of the contents of the largest vessel stored within the containment;

16. **pH Neutralization**. If the capacity of the stormwater runoff storage provided according to the provisions of paragraph 18 below becomes filled to the point where it is apparent that pumping, transporting, or otherwise managing water is insufficient to prevent an off-site discharge, Defendant shall determine the pH of the impending discharge water via the method required in paragraph 31, below, before any discharge is allowed to occur. If the pH is outside the range of 6.5-8.5, Defendant shall initiate treatment of the entire volume of stored water to be discharged, and maintain treatment during discharge to the extent necessary to maintain pH within the discharge between 6.5 and 8.5;

17. Defendant shall document implementation of the non-structural BMPs required by this section by submitting amended SWPPPs incorporating those BMPs.

18. **Stormwater Retention BMP**: Defendant shall develop and implement a stormwater retention system that to retain the following site-specific volumes of stormwater: Fontana – 30,134 cubic feet; Compton – 9,986 cubic feet; and Irvine – 7,128 cubic feet.

19. Within one hundred twenty (120) days of the Effective Date, Defendant shall submit to Plaintiffs for review and comment a SWPPP modification to incorporate Stormwater Retention for each of the Facilities. The SWPPP Stormwater Retention modification shall, at a minimum, specify: (a) the drainage area contributing to the retention facility; (b) the storm runoff volume in cubic feet, as stated above; (c) each

facility's retention system or systems location(s), inlet(s), plan(s) and elevation view(s) with dimensions, volume, and outlet; (d) the receiver of the discharge (e.g., municipal storm drain system, a receiving water body), (e) the option to pump and move water to other sites; and (f) any discharge location in the event the system capacity is exceeded and a discharge would be imminent;

20. Plaintiffs shall have thirty (30) days from receipt to provide comments on the proposed SWPPP Stormwater Retention modification to Defendant;

21. Within twenty-one (21) days of receipt of comments from Plaintiffs, Defendant shall incorporate Plaintiffs' comments into the SWPPP Stormwater Retention modification, or justify in writing why any comment is not incorporated;

22. The SWPPP Stormwater Retention modification developed and implemented pursuant to this Consent Decree are an obligation of this Consent Decree;

23. Any disputes about the SWPPP Stormwater Retention modification shall be resolved pursuant to the dispute resolution procedures set out in Section III, below;

24. Defendant shall complete implementation of the SWPPP Stormwater Retention modification by October 15, 2018. Defendant's compliance shall be excused to the extent delays in implementation are caused by government permitting delays. Defendant shall notify Plaintiffs of any government permitting delays that are likely to cause Defendant to miss the deadline required by this paragraph, and shall meet and confer with Plaintiffs to agree on a reasonable extension to the deadline.

ii. **Stormwater Discharge Points, Sampling, and Visual Observations**

25. **Stormwater Discharge Points:** Defendant shall not discharge stormwater from the Facilities in storm event(s) below or at the design standards set out in paragraph 18, above. Defendant shall discharge stormwater from the Facilities at the discharge points and locations identified in the SWPPP Stormwater Retention modification only.

26. **Rain Gauge:** The Parties agree that the existing rain gauges at the following existing, non-CEMEX locations can be referred to for purposes of this Consent Decree:

1 Fontana – (Ontario International Airport); Compton – (Northrop-Hawthorne Municipal
2 Airport); Irvine – (John Wayne Airport). In the event any of these rain gauges is taken
3 out of service by the entity responsible for its operation, the Parties agree to use the next
4 closest rain gauge to the Facility for purposes of this paragraph. The Parties agree that the
5 amount of rain measured at the aforementioned rain gauges will be the stipulated amount
6 of precipitation received at the corresponding Facility. CEMEX may, at its discretion,
7 install a rain gauge at any of the Facilities, in which case the installed rain gauge shall be
8 used to determine the amount of precipitation received at the corresponding Facility.

9    27.  **Stormwater Sampling**: Stormwater monitoring procedures shall be
10 implemented at the Facilities as follows:

11    28.  Frequency. During the life of this Consent Decree, Defendant shall collect
12 samples of any stormwater discharge as a result of a Qualified Storm Event ("QSE") as
13 defined in Section XI(B)(1) and Section XI(B)(5) of the Stormwater Permit, but limited
14 to the frequency required as a member of a compliance group once the retention set forth
15 in paragraph 18 is operational. Defendant will collect samples of any discharge of
16 retained stormwater at the time of the discharge;

17    29.  Location. During the life of this Consent Decree, Defendant shall collect
18 samples from sampling locations identified in the SWPPP, including any locations
19 identified following completion of the SWPPP Stormwater Retention modification and
20 any other modifications to the SWPPP occurring during the life of this Consent Decree;

21    30.  Parameters. All stormwater samples collected pursuant to this section shall be
22 analyzed for the following parameters:

23        a. total suspended solids, oil and grease, total recoverable aluminum, total
24           recoverable iron, total recoverable lead, and pH in discharges from each of
25           the Facilities; and

26        b. total recoverable zinc and total recoverable copper in discharges from the
27           Compton Facility and Irvine Facility in addition to the parameters in

28

1    30(a)..

2    31.    Lab. A laboratory accredited by the State of California shall analyze all

3    samples collected pursuant to this Consent Decree, excepting pH which will be analyzed

4    onsite using a calibrated portable instrument for pH in accordance with accompanying

5    manufacturer's instructions;

6    32.    Detection Limit. Defendant shall ensure analytical methods used by the

7    laboratory, including the detection limits, meet the standards required by the Storm Water

8    Permit;

9    33.    Holding Time. Defendant shall make every effort to ensure that all samples

10   collected from the Facilities shall be delivered to the laboratory and analyzed within the

11   holding times required in 40 C.F.R. Part 136, excepting pH which will be analyzed onsite

12   using a calibrated portable instrument for pH in accordance with accompanying

13   manufacturer's instructions;

14   34.    Reports to Plaintiffs. Defendant shall provide the complete lab results and pH

15   results of all samples collected at the Facility to Plaintiffs within twenty one (21) days of

16   receiving the lab results;

17   35.    Sampling Reduction. Defendant may discontinue analyzing stormwater

18   samples collected pursuant to this Consent Decree at any discharge location(s) for a

19   constituent listed in paragraph 30 if: (a) the sample result for the paragraph 30 constituent

20   is not detected for three (3) consecutive sample results, (b) Defendant has collected and

21   analyzed the sample pursuant to this Consent Decree, and (c) that constituent is not

22   otherwise required to be analyzed pursuant to Section XI(B)(6) or Table 1 of the

23   Stormwater Permit.

24   36.    **Stormwater Discharge Observations**: During the life of this Consent

25   Decree, Defendant shall conduct visual observations at each discharge location during

26   every rain event that produces a discharge when employees are present on-site.

27   37.    **Visual Observations Records**: Defendant shall maintain observation records

28

1 to document compliance with paragraph 36, and shall provide Plaintiffs with a copy of
2 these records within twenty one (21) days of receipt of a written request from Plaintiffs
3 for the records.

### iii. Employee Training, SWPPP, and M&RP

5 38.     **Employee Training Program**: Within ninety (90) days of the Effective Date,
6 Defendant shall develop an employee training program that meets the following
7 requirements and ensures (1) that there is a sufficient number of employees at the
8 Facilities designated to achieve compliance with the Stormwater Permit and this Consent
9 Decree, and (2) that these employees are properly trained to perform the activities
10 required by the Stormwater Permit and this Consent Decree ("Training Program"):

11 39.     <u>Language</u>. Defendant shall provide the Training Program in the language or
12 languages in which all employees participating are fluent;

13 40.     <u>BMP Training</u>. Defendant shall train all employees on the BMPs included in
14 this Consent Decree and the SWPPP to ensure that BMPs are implemented effectively
15 and on schedule and structural BMPs are maintained properly at the Facilities. Defendant
16 shall train individual employees on their specific responsibilities in implementing BMPs;

17 41.     <u>Sampling Training</u>. Defendant shall designate an adequate number of
18 employees necessary to collect stormwater samples as required by this Consent Decree.
19 The Training Program shall include the proper sampling protocols to ensure stormwater
20 samples are properly collected, stored, and submitted to a certified laboratory;

21 42.     <u>Visual Observation Training</u>. Defendant shall provide training on how and
22 when to properly conduct visual observations to all employees performing visual
23 observations at the Facilities;

24 43.     <u>Non-Stormwater Discharge Training</u>. Defendant shall train all employees at
25 the Facilities on the Stormwater Permit's prohibition of non-stormwater discharges, so
26 that employees know what non-stormwater discharges are, that non-stormwater
27 discharges can result from improper surface washing or dust control methods, and how to
28

1   detect and prevent non-stormwater discharges;

2   44.   Employees. All employees at the Facilities shall participate in the Training

3   Program within forty-five (45) days of the development of the training program set forth

4   above in paragraph 38, and annually thereafter. New employees shall participate in the

5   Training Program within sixty (60) days of their hiring date;

6   45.   Knowledgeable Representative. The Training Program shall be administered

7   by a private consultant or representative of Defendant who is Qualified Industrial

8   Stormwater Practitioner ("QISP") certified and familiar with the requirements of this

9   Consent Decree and the Stormwater Permit;

10   46.   Training Records. Defendant shall maintain training records to document

11   compliance with this section, and shall provide Plaintiffs with a copy of these records

12   within twenty one (21) days of receipt of a written request; and

13   47.   Integration of Training Program Updates into SWPPP. Defendant shall update

14   the SWPPP, if and when appropriate, to identify the positions responsible for carrying out

15   stormwater management, monitoring, sampling, and SWPPP implementation.

16   48.   SWPPP: By July 15, 2018, Defendant shall amend the Facilities SWPPPs to

17   incorporate the requirements and BMPs set forth in this Consent Decree and submit the

18   updated SWPPPs to Plaintiffs. If the Stormwater Retention design is delayed due to an

19   ongoing dispute between the parties regarding its sufficiency, that portion of the SWPPP

20   may be revised after July 15, 2018, but before October 15, 2018. The Parties agree that

21   Defendant is not required to submit a SWPPP required by this paragraph to SMARTS

22   until the BMPs it describes are implemented.

23   49.   Plaintiffs' Review of SWPPP. Plaintiffs shall have fifteen (15) days from

24   receipt of the amended SWPPP to propose any changes. Within thirty (30) days of

25   notification by Plaintiffs of any proposed changes to the SWPPP, Defendant shall make

26   all of Plaintiffs' changes to the amended SWPPP or justify in writing why a change is not

27   incorporated;

28

50.     Defendant shall revise the SWPPPs if there are any material changes in a facility's operations, including, but not limited to, changes to stormwater discharge points or BMPs within thirty (30) days of the changes, which will be subject to Plaintiffs' review and comment as provided in paragraph 49, above;

51.     Compliance with the SWPPP, as amended and/or revised in accordance with this section, shall, at all times be a requirement of this Consent Decree.

52.     **MIP**: Concurrent with providing the SWPPP required by paragraph 48 to Plaintiffs, Defendant shall amend the Facilities' Monitoring Implementation Plans ("MIPs") to incorporate the sampling and monitoring requirements set forth in this Consent Decree and provide the MIP to Plaintiffs concurrently with its SWPPP.

53.     Plaintiffs' Review of MIPs. Plaintiffs shall have fifteen (15) days from receipt of the amended MIPs to propose any changes. Within thirty (30) days of notification by Plaintiffs of any proposed changes to the MIP, Defendant shall make all of Plaintiffs' changes to the amended MIPs or justify in writing why a change is not incorporated;

54.     Defendant shall revise a facility's MIP if there are any material changes in a facility's operations, including, but not limited to, changes to stormwater discharge points or BMPs. These MIP revisions shall occur within forty-five (45) days of the changes, which will be subject to Plaintiffs' review and comment as provided in paragraph 53, above;

55.     Compliance with the MIPs, as amended and/or revised in accordance with this section, shall, at all times be a requirement of this Consent Decree.

**C.     Stormwater Discharge Action Plan**

56.     **Stormwater Discharge Reduction**: If, after complete implementation of the Stormwater Retention BMP at any Facility, there is a stormwater discharge from that Facility in a rain event Defendant shall either confirm in writing to Plaintiffs that the discharge resulted from a storm event that generated a greater volume of water than the Stormwater Retention BMP is designed to capture or was the result of a temporary

1    system failure. If neither of the above applies, Defendant shall develop and implement an
2    action plan designed to ensure that the Stormwater Retention BMP at the site
3    experiencing the discharge functions as required and retains the required volume of
4    stormwater ("Retention Action Plan"). A discharge from the Facilities resulting from a
5    storm event that generated less water than that required to be retained on site, as set forth
6    in paragraph 18, shall be a violation of this Consent Decree unless the discharge is caused
7    by a temporary system failure or operator error. If a discharge occurs from a temporary
8    system failure, then Defendant shall engage in any necessary system maintenance to
9    prevent the failure from reoccurring. If the discharge is caused by operator error, then
10   operator training will occur within sixty (60) days to remedy that issue.

11       57.      In any reporting year that a Retention Action Plan is required, it shall be
12   submitted to Plaintiffs within one hundred (100) days from the date of the discharge
13   triggering the Retention Action Plan. At a minimum, a Retention Action Plan shall
14   include:

15            a. The identification of the location of the discharge;

16            b. Sampling results from the discharge;

17            c. An assessment of the size of the storm event and the volume of stormwater
18               generated that resulted in the discharge;

19            d. The identification of additional BMPs, including an evaluation of
20               increased stormwater retention BMP(s), that are designed to achieve
21               compliance with the retention volumes required by paragraph 18; and

22            e. Time schedules for implementation of the proposed BMPs that ensure that
23               all Retention Action Plan measures in a Retention Action Plan are
24               implemented as soon as possible, but in no case later than October 15 of
25               the same calendar year, provided that if a required Retention Action Plan
26               results from a storm event occurring after April 1 in any reporting year the
27               schedule for implementing the proposed measures shall ensure the

28

1    measures are implemented as soon as practicable and in no case later than

2    December 15.

3    58.    **Plaintiffs' Review of Retention Action Plans**: Plaintiffs shall have twenty-

4 one (21) days from receipt of any Retention Action Plan(s) to propose revisions. Within

5 forty-five (45) days of receiving Plaintiffs proposed revisions, Defendant shall consider

6 each of Plaintiffs' recommended revisions to a Retention Action Plan(s), and accept them

7 or justify in writing why any comment is not incorporated. Action Plan(s) developed and

8 implemented pursuant to this Consent Decree are an obligation of this Consent Decree.

9    D.    <u>Consent Decree Compliance Monitoring and Reporting</u>

10    59.    **Site Inspections**: During the Term of this Consent Decree, Defendant shall

11 permit representatives of Plaintiffs to perform inspections of each of the Facilities during

12 operating hours ("Site Inspection") as follows: a single Site Inspection at each Facility

13 following implementation of the Stormwater Retention BMP(s) required by paragraph

14 18; a single Site Inspection each reporting year during the life of this Consent Decree

15 (July to June). In the event of a dispute regarding Defendant's compliance with this

16 Consent Decree, and provided a Site Inspection would be relevant to resolving the

17 Parties' dispute, Plaintiffs may request an additional Site Inspection and the Parties agree

18 to meet and confer regarding the additional Site Inspection request. Defendant shall not

19 unreasonably deny Plaintiffs' request for an additional Site Inspection. Plaintiffs shall

20 provide Defendant at least five (5) business-days' notice in advance of such Site

21 Inspections. For inspections requested to occur in dry weather, Defendant shall have the

22 right to request an alternative date for said inspection that is within ten (10) days of the

23 date noticed by Waterkeeper. For any Site Inspection requested to occur in wet weather,

24 Plaintiffs shall be entitled to reschedule the Site Inspection in the event the forecast

25 changes and the expected precipitation appears unlikely and the purpose of visiting the

26 Facility in wet weather, such as to take samples or observe the effectiveness of the

27 Facilities' BMPs, would be frustrated. Plaintiffs agree to give Defendant at least fifteen

28

(15) hours notice of their intent to reschedule a requested wet weather Site Inspection. During any Site Inspection pursuant to this paragraph, Plaintiffs shall wear all required personal protective equipment and comply with all safety instructions provided to Plaintiffs by Defendant's staff during all Site Inspections. During Site Inspections, Plaintiffs shall be allowed to inspect any SWPPPs, M&RPs, and logs, sample any stormwater discharges, and take photos and/or videos. Plaintiffs must within one week of the site visit send copies of all photos and/or videos to Defendant and conduct an exit conference with Defendant's staff regarding all photos and/or videos taken the day of the site visit. Site inspections pursuant to this paragraph shall not exceed 3 hours at any one Facility.

60. **Document Provision**: During the term of this Consent Decree, Defendant shall copy Plaintiffs on documents and other written communications regarding the Facilities related to water quality submitted to the Regional Water Board, the State Water Board, and/or any Federal, State, local agency, county, or municipality. Any correspondence related to water quality received by Defendant from any Federal, State, local agency, county, or municipality shall be provided to Plaintiffs via email within ten (10) business days of receipt by Defendant. Defendant shall also provide a copy of any non-privileged documents reasonably related to Consent Decree compliance within thirty (30) days of written request by Plaintiffs.

61. **Compliance Monitoring and Oversight**: Defendant agrees to partially defray Plaintiffs' monitoring of Defendant's compliance with this Consent Decree in the amount of forty-five thousand dollars ($45,000.00) with thirty thousand dollars ($30,000.00) to be paid to Orange County Coastkeeper and fifteen thousand dollars ($15,000.00) to be paid to Los Angeles Waterkeeper. The payments, in full, shall be made within forty-five (45) days of the end of the 45-day Federal Agencies review period described above. The payment due to Orange County Coastkeeper shall be made payable to: "Orange County Coastkeeper" and delivered by overnight mail to Coastkeeper, 3151 Airway Avenue,

1  Suite F-110, Costa Mesa, CA 92626. The payment due to Los Angeles Waterkeeper shall

2  be made payable to: "Los Angeles Waterkeeper" and delivered by overnight mail to Los

3  Angeles Waterkeeper, 120 Broadway, Suite 105, Santa Monica, CA 90401.

4      62.    **Action Plan Payments**: If Defendant is required to submit an Action Plan(s)

5  to Plaintiffs pursuant to this Consent Decree, Defendant shall make an Action Plan

6  payment of three thousand ($3,000.00) per Action Plan. Action Plan(s) related to the

7  Irvine Facility or Fontana Facility shall be made payable to: "Orange County

8  Coastkeeper" and delivered by overnight mail, unless made by wire transfer, to Orange

9  County Coastkeeper, 3151 Airway Avenue, Suite F-110, Costa Mesa, CA 92626. Action

10  Plan(s) related to the Compton Facility shall be made payable to: "Los Angeles

11  Waterkeeper" and delivered by overnight mail to Los Angeles Waterkeeper, 120

12  Broadway, Suite 105, Santa Monica, CA 90401. Payment shall be made

13  contemporaneous with the submittal of the Action Plan(s).

14      **E.**    **<u>Environmental Mitigation, Litigation Fees And Costs, Stipulated</u>**

15          **<u>Penalties, and Interest</u>**

16      63.    **Environmental Mitigation Project**: To remediate alleged environmental

17  harms resulting from allegations in the complaint, Defendant agrees to make a payment

18  of fifty-five thousand dollars ($55,000.00) with $18,000 to be paid to Pacific Marine

19  Mammal Center, 20612 Laguna Canyon Road Laguna Beach, CA 92651, $18,000 to be

20  paid to Rivers and Lands Conservancy, 4075 Mission Inn Avenue Riverside, CA 92501,

21  and $19,000 to be paid to From Lot to Spot, ATTN: Viviana Franco 2003 East 1st Street,

22  Los Angeles CA 90033. These payments will fund environmental project activities that

23  will benefit Southern California waters. The payments, in full, shall be made within

24  ninety (90) days of the entry of this Consent Decree by the Court. Defendant shall

25  provide Plaintiffs with a copy of such payment at the time it is made.

26      64.    **Plaintiffs' Litigation Costs**: To partially reimburse Plaintiffs for their

27  investigation fees and costs, expert/consultant fees and costs, reasonable attorneys' fees,

28

1  and other costs incurred as a result of investigating and filing the lawsuit, and negotiating

2  this Consent Decree, Defendant shall pay a total of one hundred and seventy thousand

3  dollars ($170,000.00). The payment, in full, shall be made within ninety (90) days of the

4  end of the 45-day Federal Agencies review period described above or within ten (10)

5  days of the date the Federal Agencies inform the Court that they have no objections to

6  entry of this Consent Decree, whichever is sooner, payable to: Los Angeles Waterkeeper,

7  120 Broadway, Suite 105, Santa Monica, CA 90401.

8      65.    **Stipulated Penalties**: Defendant shall make a remediation payment of Five

9  Hundred Dollars ($500.00) for each missed deadline included in the Consent Decree or

10  the failure to collect a stormwater sample required under this Consent Decree after the

11  Effective Date. Payments for missed deadlines with respect to the Irvine Facility or

12  Fontana Facility shall be made to Pacific Marine Mammal Center, 20612 Laguna Canyon

13  Road Laguna Beach, CA 92651 or Rivers and Lands Conservancy, 4075 Mission Inn

14  Avenue Riverside, CA 92501, respectively. Payments for missed deadlines with respect

15  to the Compton Facility shall be made to From Lot to Spot, ATTN: Viviana Franco 2003

16  East 1st Street, Los Angeles CA 90033. Defendant agrees to make the stipulated payment

17  within thirty (30) days of a missed deadline. Defendant shall provide Plaintiffs with a

18  copy of each such payment at the time it is made.

19      66.    **Interest on Late Payments**: Defendant shall pay interest on any payments,

20  fee or costs owed to Plaintiffs under this Consent Decree that Plaintiffs has not received

21  by the date due. The interest shall accrue starting the first day after the payment is due

22  and shall be computed at 5% per year.

23  **III.    DISPUTE RESOLUTION**

24      67.    The Court shall retain jurisdiction over this matter for the life of the Consent

25  Decree for the purposes of enforcing its terms and conditions, and adjudicating all

26  disputes among the Settling Parties that may arise under the provisions of the Consent

27  Decree. The Court shall have the authority to enforce this Consent Decree with all

28

available legal and equitable remedies, including contempt.

68.     If a dispute under this Consent Decree arises or the Settling Parties believe that a breach of this Consent Decree has occurred, they shall follow the following procedure:

a. <u>Meet and Confer</u>. A Settling Party invokes the dispute resolution procedures of this Section by notifying in writing the other Settling Party of the matter(s) in dispute. The Settling Parties shall schedule a meet and confer in good faith (either telephonically or in person) within ten (10) days from the date of the notice. The Settling Parties may elect to extend this time in an effort to resolve the dispute without court intervention;

b. <u>Settlement Conference</u>. If the Settling Parties fail to meet and confer, or cannot resolve a dispute through the informal meet and confer process, the Settling Parties agree to request a settlement meeting or conference before the Magistrate Judge assigned to this action. The Settling Parties agree to file any waivers necessary for the Magistrate Judge to preside over any settlement meeting or conference;

c. <u>Motion</u>. In the event that the Settling Parties cannot resolve the dispute within sixty (60) days of the initial settlement meeting or conference with the Magistrate Judge, the Settling Parties agree that the dispute may be submitted for formal resolution by filing a motion before the United States District Court for the Central District of California. The Settling Parties agree to request an expedited hearing schedule on the motion.

d. The Settling Parties shall be entitled to seek fees and costs incurred in the informal and formal Dispute Resolution process described in this section pursuant to the provisions set forth in Section 505(d) of the Clean Water Act, 33 U.S.C. § 1365(d), and applicable case law interpreting such provisions.

## IV.    MUTUAL RELEASE OF LIABILITY AND COVENANT NOT TO SUE

69.     **Plaintiffs' Waiver and Release of Defendant:** Plaintiffs, on their own behalf, and on behalf of their officers, directors, employees, parents, subsidiaries, affiliates and each of their successors and assigns, release Defendant, their officers, directors, managers, employees, members, parents, subsidiaries, affiliates, successors or assigns, agents, attorneys and other representatives, from and waives all claims that were or could have been raised in the 60-Day Notices and/or the complaint up to the Effective Date.

70.     **Defendant's Waiver and Release of Plaintiffs:** Defendant, on its own behalf, and on behalf of its officers, directors, managers, employees, members, parents, subsidiaries, affiliates, or their successors or assigns, release Plaintiffs and their officers, directors, employees, members, parents, subsidiaries, and affiliates, and each of their successors and assigns from, and waives all claims related to the 60-Day Notices and/or the complaint up to the Effective Date.

71.     Nothing in this Consent Decree limits or otherwise affects Plaintiffs' rights to address or take any position that it deems necessary or appropriate in any formal or informal proceeding before the State Water Board, Regional Water Board, EPA, or any other judicial or administrative body on any matter relating to Defendant's compliance at the Facilities with the Stormwater Permit or the Clean Water Act, but, except as noted in the next sentence, only to the extent that the relevant facts occur or arise after entry of this Consent Decree. In such proceedings, Plaintiffs may use pre-Consent Decree information related to the Facilities as background information but not to establish any non-compliance.

## V.    MISCELLANEOUS PROVISIONS

72.     **No Admission of Liability:** Neither this Consent Decree, the implementation of additional BMPs or any payment pursuant to the Consent Decree shall constitute or be construed as a finding, admission, or acknowledgement of any fact, law, rule, or

regulation. Defendant maintains and reserves all defenses it may have to any alleged violations that may be raised in the future.

73. **Execution in Counterparts**: The Consent Decree may be executed in any number of counterparts, all of which together shall constitute one original document. Telecopy, email of a pdf signature, and/or facsimile copies of original signature shall be deemed to be originally executed counterparts of this Consent Decree.

74. **Signatures**: The Settling Parties' signatures to this Consent Decree transmitted by facsimile or electronic mail transmission shall be deemed binding.

75. **Construction**: The language in all parts of this Consent Decree shall be construed according to its plain and ordinary meaning, except as to those terms defined in the Stormwater Permit, the Clean Water Act, or specifically herein. The captions and paragraph headings used in this Consent Decree are for reference only and shall not affect the construction of this Consent Decree.

76. **Authority to Sign**: The undersigned representatives for Plaintiffs and Defendant each certify that he/she is fully authorized by the Settling Party whom he/she represents to enter into the terms and conditions of this Consent Decree.

77. **Integrated Consent Decree**: This is an integrated Consent Decree. This Consent Decree is intended to be a full and complete statement of the terms of the agreement between the Settling Parties and expressly supersedes any and all prior oral or written agreements, covenants, representations and warranties, express or implied, oral or written, of the Settling Parties concerning the subject matter of this Consent Decree.

78. **Severability**: In the event that any provision, paragraph, section, or sentence of this Consent Decree is held by a court to be unenforceable, the validity of the enforceable provisions shall not be adversely affected.

79. **Choice of Law**: This Consent Decree shall be governed by the laws of the United States.

80. **Full Settlement**: This Consent Decree constitutes a full and final settlement

of this matter.

81. **Diligence**: Defendant shall diligently file and pursue all required permit applications for the structural BMPs and shall diligently procure contractors, labor, and materials needed to complete all structural BMPs by the required deadlines. Defendant compliance shall be excused to the extent caused by governmental permitting delays or a Force Majeure as defined in Paragraph 87. Governmental permitting delays means CEMEX has timely filed permit requests and necessary government approvals are not issued timely to CEMEX.

82. **Negotiated Agreement**: The Settling Parties have negotiated this Consent Decree, and agree that it shall not be construed against the party preparing it, but shall be construed as if the Settling Parties jointly prepared this Consent Decree, and any uncertainty and ambiguity shall not be interpreted against any one party.

83. **Modification of the Agreement**: This Consent Decree, and any provisions herein, may not be changed, waived, or discharged, or terminated unless by a written instrument, signed by each of the Settling Parties and approved by the Court. Any request to modify any provision(s) of the Consent Decree, including but not limited any deadline(s) set out herein, must be made in writing at least fourteen (14) business days before an existing deadline(s) applicable to the provision(s) proposed to be modified.

84. **Assignment**: Subject only to the express restrictions contained in this Consent Decree, all of the rights, duties and obligations contained in this Consent Decree shall inure to the benefit of and be binding upon the Settling Parties, and their successors and assigns. Defendant shall notify Plaintiffs within ten (10) days of any assignment, in conformity with the paragraph below.

85. **Notices and Submissions**: Any notices or documents required or provided for by this Consent Decree or related thereto that are to be provided to Plaintiffs pursuant to this Consent Decree shall be, to the extent feasible, sent via electronic mail transmission to the e-mail address listed below or, if electronic mail transmission is not

feasible, via certified U.S. Mail with return receipt, or by hand delivery to the following
address:

    Colin Kelly
    Sarah Spinuzzi
       Email: colin@coastkeeper.org
       Email: sarah@coastkeeper.org
    Orange County Coastkeeper
    3151 Airway Avenue
    Suite F-110
    Costa Mesa, CA 92626

    Arthur Pugsley
    Melissa Kelly
    Los Angeles Waterkeeper
       Email: arthur@lawaterkeeper.org
       Email: melissa@lawaterkeeper.org
    120 Broadway, Suite 105
    Santa Monica, California 90401

    With copies to:

    Bruce Reznik
    Executive Director
       Email: bruce@lawaterkeeper.org
    Los Angeles Waterkeeper
    120 Broadway, Suite 105
    Santa Monica, California 90401

       Unless requested otherwise by Defendant, any notices or documents required or
provided for by this Consent Decree or related thereto that are to be provided to
Defendant pursuant to this Consent Decree shall be provided by certified U.S. Mail with
return receipt, by overnight courier, FedEx, or by hand delivery to the addresses below:


    CEMEX
    Attn: General Counsel
    1501 Belvedere Road
    West Palm Beach, FL 33406

With copies to:

CEMEX
Attention: Director of Environmental Services
3990 E. Concours
Ontario, CA 91764
bruceh.eppler@cemex.com
brian.mastin@cemex.com

Notifications of communications shall be deemed submitted on the first business day following the date that they are postmarked and sent by first-class mail or deposited with an overnight mail/delivery service. As the exception to the above notice procedures, email notice shall be permissible for the following sections of this Consent Decree: 19, 20, 21, 24, 34, 48, 49, 50, 52, 53, 54, 56, 57, 58, 59, and 60. Any change of address or addresses shall be communicated in the manner described above for giving notices.

86. **Deadlines Falling on Non-Business Days**: Any deadlines relating to this Consent Decree which fall on the weekend or on a federal holiday shall be extended to the following business day.

87. **Force Majeure**: No Party shall be considered to be in default in the performance of any of its obligations under this Consent Decree when performance becomes impossible due to a Force Majeure event. A Force Majeure event is any circumstance beyond a Settling Party's control, including without limitation, any act of God, war, fire, earthquake, flood, windstorm, or natural catastrophe; criminal acts; civil disturbance, vandalism, sabotage, or terrorism; restraint by court order or public authority or agency; or action or non-action by, or inability to obtain the necessary authorizations or approvals from, any governmental agency. A Force Majeure event shall not include normal inclement weather, economic hardship, inability to pay, employee negligence or misconduct, or Defendant's inability to obtain authorization or permission from the owner(s) of the real property where the Facilities are located for meeting compliance and/or settlement obligation(s). Any party seeking to rely upon this paragraph to excuse

1   or postpone performance shall have the burden of establishing that it could not
2   reasonably have been expected to avoid the force majeure event and which by exercise of
3   due diligence has been unable to overcome the failure of performance. The
4   Settling Parties shall exercise due diligence to resolve and remove any force majeure
5   event.

6   88.   **Request for Records:** Under any section of this Consent Decree that allows
7   Plaintiffs to make a written request for Defendant's records, Plaintiffs shall not make
8   such unreasonably frequent requests so as to become an administrative burden on
9   Defendant.

10   The Settling Parties hereto enter into this Consent Decree and submit it to the
11   Court for its approval and entry as a final judgment.

12   **IN WITNESS WHEREOF,** the undersigned have executed this Consent Decree
13   as of the date first set forth below.

14   APPROVED AS TO CONTENT

15

16   Dated:  _March 8_ , 2018          By: _Garry Brown_
17                                     Garry Brown
18                                     Orange County Coastkeeper

19   Dated:  _March 8_ , 2018          By: _____
20                                     Bruce Reznik
21                                     Los Angeles Waterkeeper

22

23   Dated:  _March 8_ , 2018          By: _Garry Brown_
24                                     Garry Brown
25                                     Inland Empire Waterkeeper

26   Dated:  _March 15_ , 2018         By: _____
27                                     Michael Egan
28                                     _Cesar Conservation Molecule Place LLC_

Cemex Construction Materials Pacific LLC

APPROVED AS TO FORM

LAWYERS FOR CLEAN WATER, INC.

Dated: *March 16*, 2018     By: _____
                                 Drevet Hunt
                                 Attorney for Plaintiffs


MITCHELL CHADWICK LLP

Dated: *March 15*, 2018     By: _____
                                 Patrick Mitchell
                                 Attorney for Defendant


**IT IS SO ORDERED.**

                            UNITED STATES DISTRICT COURT
                            CENTRAL DISTRICT OF CALIFORNIA

Date: _____5/2/18_____

                            _____
                            Philip S. Gutierrez
                            United States District Judge